UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | No. 2:12-00004 |
| v. | ) | |
| | ) | Judge Sharp |
| JERMAINE S. PHILLIPS | ) | |
| | ) | |

**MEMORANDUM**

Pending before the Court is Defendant Jermaine Phillips' *Motion for Release Pending Appeal* (Docket Entry No. 67). The Government filed a response in opposition (Docket Entry No. 68), to which Defendant filed a reply (Docket Entry No. 69). After carefully considering the parties' filings with the Court, the Court will deny Defendant's motion.

**I. DISCUSSION**

Defendant was sentenced on May 13, 2013, and is currently on bond. He is scheduled to self-report on July 10, 2013.[1] Defendant has filed a notice of appeal for the denial of his motion to suppress in the Order entered on January 14, 2013, and the judgment orally entered on May 13, 2013. He does not appeal his sentence, s*ee* (Docket Entry Nos. 47, 48, 65 and 66), and asks this Court to grant him release pending appeal.

A judicial officer shall order a person who has been found guilty of an offense and sentenced to a term of imprisonment be detained, unless certain conditions are met. 18 U.S.C. § 3143(b). This provision creates a presumption that a defendant who is convicted of a crime may not be released pending appeal unless he shows by clear and convincing evidence he is not likely to flee or pose a danger to the community. *United States v. Vance,* 851 F.2d 166, 169 (6th Cir. 1988). An individual may be released pending appeal if a judicial officer finds by clear and

---

[1] Defendant filed a *Motion to Extend Time to Self-Report* by thirty days on June 4, 2013, and the Court granted the request on June 5, 2013. *See* (Docket Entry Nos. 70 and 73).

1

convincing evidence that 1) the "person is not likely to flee or pose a danger" to the community, and the appeal is not for the purpose of delay; and 2) the appeal "raises a substantial question of law or fact likely to result in" a reversal, new trial, sentence that does not include imprisonment, or "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b). Defendant contends he is not a danger to the community or a flight risk, and the issues to be raised on appeal constitute substantial questions of law and fact likely to result in a reversal or new trial. *See* (Docket Entry No. 67 at 1).

**A. Likely to Flee or Pose a Danger to the Community**

Defendant purports there is clear and convincing evidence that he is neither a flight risk nor a danger to the community. In support of this argument, Defendant claims "he has no violent convictions and the current charges are for fraud…, [he] has always tested clean for drugs over the last year, and no petition has ever been filed against him." (Docket Entry No. 67 at 3). Even a cursory view of Defendant's criminal history in the Presentence Investigation Report suggests he has an extensive criminal history. Although his criminal history computation points totaled four, the points certainly do not reflect his level of previous criminal activity. Nevertheless, even without adult convictions of violent crimes, Defendant has not met his burden by clear and convincing evidence.

Defendant has failed to establish that he will not pose a danger to the community. Although there is no evidence that Defendant presents an immediate risk of physical harm to others, danger can "encompass pecuniary or economic harm." *U.S. v. Olive*, 2013 WL 1666621 (M.D. Tenn. April 2013) (citing *United States v. Madoff,* 316 Fed. App'x 58, 60–61 (2nd Cir. 2009) (citation omitted). Defendant's criminal history raises concerns about economic harm to

the public, concerns that Defendant has failed to alleviate. Furthermore, while Defendant has made three court appearances over the past year, release on bail requires a determination "by clear and convincing evidence" that the defendant is not likely to flee. *U.S. v. Carter*, 2010 WL 6790975 (6th Cir. July 12, 2010). Defendant stands convicted of crimes that include elements of deceitfulness, including credit card fraud and identity fraud. These factors lead the Court to conclude Defendant does not satisfy the first prong of § 3143(b) analysis by clear and convincing evidence.

**B. Appeal Does Not Raise Substantial Question of Law or Fact**

The Court next considers whether the appeal raises a substantial question of law or fact likely to present reversal or a new trial if the question is decided in Defendant's favor. "'[A]n appeal raises a substantial question when the appeal presents a close question or one that could go either way and that the question is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor.'" *United States v. Sabino,* 97 Fed. App'x 626, 627 (6th Cir. 2004). " 'Since the district court is familiar with the case, the district court is in an excellent position to determine in the first instance whether the defendant raises a substantial question on appeal.' " *United States v. Sutherlin,* 84 Fed. App'x 630, 631 (6th Cir. 2003) (citation omitted). "In determining whether a question is 'substantial' as that word is used in 18 U.S.C. § 3143(b)(2), a judge must essentially evaluate the difficulty of the question he previously decided." *Id.* (citation omitted).

Defendant offers two theories to support the second prong of Section 3143(b). First, Defendant claims his suppression issue is a "close call," and is demonstrated by the facts that no factually similar case denying relief has been identified by the Court or the Government. Second, if this question is decided in his favor, Defendant argues, it is likely it would result in

3

dismissal of the charges ("…because if the seizure of [his] car violated the Fourth Amendment, then the exclusionary rule will mandate suppression of all physical evidence and [his] statements.") *See* (Docket Entry No. 67 at 4). The Court is persuaded by neither theory.

The Government counters Defendant has failed to overcome the presumption against release because he has not established the second prong of the test for post-conviction release pending appeal. (Docket Entry No. 68 at 3). The Government asserts the suppression issue was not a "close question" and disputes that it did not identify a factually-similar case denying relief as the Government cited to *United States v. Lee*, 317 F.3d 26 (1st Cir. 2003). (*Id.*).

From the Court's perspective, Defendant's issues on appeal do not constitute a "close question." The Court has carefully reviewed the suppression hearing transcripts and its Memorandum Opinion to determine whether the motion to suppress raised a "close question" and has concluded it does not. Rather, evidence supporting an articulate sufficient basis for the initial stop was introduced at the hearing and, as such, the Court concluded in its Memorandum Opinion,

> "[a] reasonable officer with [the officer]'s background and experience likely would have made the same assessment and would have tried to stop Defendant to confirm or dispel that suspicion. Although, Defendant attempts to scrutinize every [] action of the police, the totality of circumstances reveals that the officers were conducting an appropriate investigation, and were justified in their efforts to assess the situation. Accordingly, it is submitted that this gave rise to legitimate stop under *Terry* [*v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L.Ed.2d 889 (1968).]

(Docket Entry No. 47 at 11, Memorandum Opinion). Furthermore, simply because the Government may not provide, and the Court may not cite, a case squarely on all fours with a particular fact pattern confronting the Court, does not mean that the legal principles guiding the analysis are not applicable in this case or that without such citation, a defendant is required to garner a favorable ruling.

Section 3143(b) "creates a presumption against release pending appeal." *United States v. Carter,* 2010 WL 6790975 at *1 (6th Cir. July 12, 2010). Defendant has failed to rebut that presumption and his request will therefore be denied.

## II. CONCLUSION

For the above stated reasons, the Court will enter an Order denying Defendant's *Motion for Release Pending Appeal* (Docket Entry No. 67).

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE